EDWARD BOARD, complainant-respondent,

*v.*

MARY FREEDMAN et al., defendants-appellants.

[Decided February 1st, 1926.]

1. A mechanics' lien claim, filed by a materialman upon separate buildings and upon distinct plots of land, without his apportioning the claim and designating specifically the amount claimed upon each, as required by section 22 of the Mechanics' Lien law, will be postponed to the claim of other encumbrances. And this rule applies not only where the owner of the property has purchased separate tracts and has erected, or is erecting, separate buildings thereon, but also where he has purchased a single tract and has subsequently divided it into several lots, and has then erected, or is then erecting, separate buildings upon the respective plots.

2. A mechanics' lien claim once filed is not amendable, except upon an order made by a justice of the supreme court or a judge of the circuit court, after a hearing had upon notice.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *97 N. J. Eq. 455.*

*Messrs. Cole & Cole,* for the appellants.

*Messrs. Thompson & Hanstein* and *Messrs. Cassman & Gottlieb,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed for the foreclosure of a purchase-money mortgage given by the defendants, Freedman and Press, to the complainant. The mortgage was executed and delivered in September, 1922. In February, 1923, Freedman and Press sold the mortgaged premises, which consisted of a lot in Atlantic City, forty-five feet in width and one hundred and fifty feet in depth, located on the corner of Atlantic and Metropolitan avenues, to one Martin Miller. Shortly after becoming the owner of the premises, Miller entered into a contract with a concern known as the Bloom Corporation for the erection of three stores, with apartments overhead, upon the Atlantic avenue front, and for the construction of seven dwellings upon the rear portion of said lot, to front upon Metropolitan avenue. While *these buildings were in course of erection* Miller executed and delivered to one Louis Bloom ten mortgages, each of which embraced a portion of the premises described in the complainant's mortgage, together with the building then being erected upon such portion. The mortgages, taken together, covered all of the premises involved in the present suit. Three of them, shortly after their delivery to Bloom, were assigned by him to the Atlantic Safe Deposit Company, and the other seven to the Atlantic Mortgage Company. Subsequent to the recording of these ten mortgages the Somers Lumber Company, the Hudson Cement and Supply Company and one Abram Gardner each filed a

mechanics' lien in the office of the county clerk of Atlantic county, covering the whole of the mortgaged premises, the basis of their respective claims being the furnishing of materials used in the construction of the three stores and apartments and the seven dwelling-houses. The holders of the ten mortgages and the above-named mechanics' lien claimants were made parties to the foreclosure suit, and in due course an order of reference was made to a master to determine the respective rights and priorities of the complainant, the holders of the ten mortgages and the mechanics' lien claimants, and to report his conclusions to the chancellor. As a result of that hearing, the master reported, among other matters, that the Atlantic Safe Deposit Company and the Atlantic Mortgage Company were entitled to priority in payment over the lien claimants, the Somers Lumber Company, the Hudson Cement and Supply Company and Abram Gardner, because of the failure of the materialmen to make an apportionment of their respective claims among the buildings for the erection of which they had furnished materials. The master's report was affirmed in this particular, and the several materialmen have appealed from that portion of the decree.

The only question involved in this appeal is whether the master was right in subordinating the liens of the materialmen to those of the holders of the ten mortgages, because of the fact that there had been no apportionment by the former of the moneys due for the materials furnished in the erection of these ten buildings. The argument in support of the appeal is that no such apportionment is required by the statute where the buildings are upon a single lot of land. This contention seems to us to be based upon false premises. The fact that when Miller purchased this property it was a single tract, was no bar to his right as owner to divide it into as many separate parcels as he saw fit, and to erect a building upon each of said separate parcels. He made such a division by executing ten separate mortgages, each of them covering so much of the original plot as was occupied by one of the ten buildings then being erected thereon. The

provision of section 22 of the Mechanics' Lien law, which requires that when a materialman has furnished to the owner materials to be used in two or more buildings to be constructed by the same person or persons (that is, by the contractor), he shall divide and apportion his lien among the said buildings in proportion to the value of the materials furnished to each of them, and file with his lien a statement of the amount so apportioned to each building, is mandatory (*Culver* v. *Lieberman, 69 N. J. Law 341*), and is applicable to the present case. The purpose of the statute, as is pointed out in the cited case, is to inform all persons who have varied interests in any of such buildings and the curtilage upon which it is (or is being) erected as to the extent to which each of said buildings and curtilages is claimed to be liable to the lien of the materialman—that is, what proportion of the whole amount of the contractor's debt has been legally apportioned to each of such buildings and curtilages.

Counsel for the appellants further asserts that the statutory provision referred to was, in fact, complied with in the present case. The basis of this assertion is that, at the hearing before the master, each of his clients, by sworn testimony, apportioned its claim among the ten buildings in proportion to the value of the materials furnished to each of them. This, of course, was, in itself, in no sense a compliance with the statute. But he argues that, upon such proof having been submitted, it was the duty of the master to direct an amendment of the several lien claims so as to show such apportionment, and then to have proceeded with the hearing as if the amendments had actually been made. The assertion, in our view, is without foundation of fact, and the contention without legal merit. A lien claim once filed is unamendable except upon an order made by a justice of the supreme court or a judge of the circuit court, after a hearing had upon notice to all parties interested. *Amendment to Mechanics' Lien Law, P. L. 1911 p. 47; Supp. Comp. Stat. p. 943.* The propriety of the action of the master, in refusing to assume jurisdiction over a matter, the determi-

nation of which had been vested exclusively in the law courts by the legislature, seems to us apparent, and, consequently, he was entirely justified in holding that there had been no such apportionment of the lien claims as was required by the statute.

Each one of the appellants having failed to apportion its claim as required by section 22 of the Mechanics' Lien law, the master was right in subordinating their liens to those of the mortgages. In doing so he followed the rule laid down in the case of *Morris County Bank* v. *Rockaway Manufacturing Co., 16 N. J. Eq. 150, 161,* viz., that a claim filed upon separate buildings and upon distinct lots of land, without apportioning the claim and designating specifically the amount claimed upon each, must be postponed to the claim of other encumbrances. The soundness of this rule, so far as our examination discloses, has never been criticised in later decisions, and meets with our approval.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.